UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
TRUSTEES OF THE NEW YORK DISTRICT
COUNCIL OF CARPENTERS PENSION
FUND,

                       Plaintiff,                             22-cv-7693 (PKC)

    -against-                                   ORDER

EXPO ADVANTAGE USA, INC.,

                       Defendant.
-----------------------------------------------------------x

CASTEL, U.S.D.J.

        Plaintiff Trustees of the New York City District Council of Carpenters Pension Fund (the "Fund") moves for the entry of default judgment against defendant Expo Advantage USA, Inc. ("Expo"). (ECF 16.) According to the Complaint, Expo was a party to a Collective Bargaining Agreement and a Collection Policy that required it to make specified benefits contributions to the Fund. (Compl't ¶¶ 6-7.) The Collection Policy provides that interest on past-due contributions is calculated at a rate of prime plus 2%, and that liquidated damages are calculated at a rate of 20% of the total delinquent contributions. (Compl't ¶ 8.)

        Expo's decline in contributions in 2018, 2019 and 2020 led the fund to determine that Expo was in partial withdrawal from the Fund. (Compl't ¶¶ 9-10, 17.) Expo's 2021 contributions declined in an amount sufficient to trigger a complete withdrawal from the Fund. (Compl't ¶ 18.) A 2021 assessment conducted by the Fund calculated Expo's total withdrawal liability to be $79,768, and a 2022 assessment calculated additional withdrawal liability in the amounts of $51,233 and $14,053. (Compl't ¶¶ 12-13, 20-21.) The Complaint asserts that as of September 2, 2022, Expo had made no payment on its contributions owed. (Compl't ¶¶ 16, 26.)

Count One seeks recovery under ERISA for amounts owed under the 2021 assessment, plus interest and liquidated damages, and Count Two seeks the same for amounts owed under the 2022 assessment. (Compl't ¶¶ 27-30.) The Fund seeks a total of $145,054, plus interest and liquidated damages. (Compl't at 6.)

This action was commenced on September 9, 2022. (ECF 1.) An affidavit of service reflects that the Fund served the Complaint on Expo through the Corporate Division of the New York State Department of State on September 12, 2022. (ECF 6.)

Expo has not answered or appeared. On October 17, 2022, the Clerk issued a Certificate of Default against Expo. (ECF 12.) The Fund filed its motion for default judgment on January 3, 2023. (ECF 16.)

John Clancy, who states that he is the president of Expo, has sent submissions to the Court. In a letter dated October 25, 2022, Clancy requested assistance in appointing pro bono counsel on behalf of Expo. (ECF 13.) The Court's endorsement on the letter stated in full:

> Defendant's post-default application for appointment of counsel is DENIED in this civil action under ERISA to recover unpaid fund contributions. Defendant, as a corporate entity, may only appear in this Court by an attorney admitted to practice. Defendant is advised to forthwith cure its default.

(Id.) In a separate letter dated December 21, 2022, Clancy described the loss of business revenues caused by the disruptions of the Covid-19 pandemic and purported to identify discrepancies in the Fund's calculation of withdrawal liability. (ECF 15, 22.)

"'It is settled law that a corporation may not appear in a lawsuit against it except through an attorney, and that, where a corporation repeatedly fails to appear by counsel, a default judgment may be entered against it pursuant to Rule 55, Fed. R. Civ. P.'" Grace v. Bank Leumi Trust Co. of NY, 443 F.3d 180, 192 (2d Cir. 2006) (quoting SEC v. Research Automation Corp.,

521 F.2d 585, 589 (2d Cir. 1975)); accord Lattanzio v. COMTA, 481 F.3d 137, 139 (2d Cir. 2007) ("[A] layperson may not represent a separate legal entity such as a corporation."). The Court expressly advised that Expo could only appear through an admitted attorney and advised Expo to cure its default. (ECF 13.) Clancy, a non-lawyer, may not represent Expo in this proceeding, and his submissions do not cure Expo's default or constitute a notice of appearance on behalf of Expo.

"[A] default is an admission of all well-pleaded allegations against the defaulting party." D.H. Blair & Co. v. Gottdiener, 462 F.3d 95, 107 (2d Cir. 2006) (quotation marks omitted). In support of its motion, the Fund submits four letters addressed to Expo, which gave notice of the amounts owed demanded payment on its withdrawal liability. (Moosnick Dec. Exs. E-H.) It also submits four reports compiled by the Fund's actuary that calculated payments owed by Expo. (Moosnick Dec. Exs. I-L.) Expo did not request that the Fund review its determination of liability or seek arbitration of its withdrawal liability, both of which are rights provided to it by ERISA, 29 U.S.C. §§ 1399(b)(2), 1401(a)(1). (Moosnick Dec. ¶ 27.) The Fund asserts that, as of January 3, 2023, Expo has made no payment on the noticed withdrawal liabilities. (Moosnick Dec. ¶¶ 32, 46.) The Court concludes that the Fund has demonstrated that it provided the notice and demand required by ERISA and has demonstrated Expo's liability. See 29 U.S.C. §§ 1132(g)(2), 1145, 1151(b).

The Fund also has demonstrated the amounts in payments owed by Expo. It has demonstrated that Expo owes the Fund a total of $145,054 for three partial withdrawals and its subsequent complete withdrawal . (Moosnick Dec. ¶¶ 50, 53, 56, 59, 62 & Exs. I-L.) Under the Collection Policy, the Fund is entitled to interest on delinquent withdrawal liability payments in the amount of the Citibank prime rate plus 2%. (Id. Ex. M § 5 ¶ 1.) ERISA permits collection of

interest on unpaid contributions. 29 U.S.C. § 1132(g)(2). The Fund has explained how it calculated interest owed by Expo for its separate withdrawal liabilities, derived from the dates of its notice-and-demand letters. (Moosnick Dec. ¶¶ 71-78 & Ex. N.) Interest accrues under the withdrawal liability identified in the 2021 notice and demand at the rate of $11.47 per day and at the rate of $12.07 per day for the 2022 notice and demand. (Id. ¶¶ 73, 76 & Ex. N.) As of January 3, 2023, Expo owed the Fund interest in the amount of $7,941.38. (Id. ¶ 77 & Ex. N.)

The Fund also has demonstrated its entitlement to liquidated damages equal to 20% of Expo's total withdrawal liability of $145,054. (Id. Ex. M. § V ¶ 4.) It calculates liquidated damages as $29,010.80. (Id. ¶ 79 & Ex. N.)

Separately, the Fund has demonstrated its entitlement to attorneys' fees and costs totaling $11,310.31. The Collection Policy and ERISA allow for an attorneys' fees award. (Id. Ex. M. § V ¶¶ 6-7); 29 U.S.C. § 1132(g)(2). Plaintiff's counsel has submitted billing records that reflect 40.8 hours of attorney and paralegal time, for a total of $10,832.50. (Moosnick Dec. ¶ 86 & Ex. O.) Plaintiff's counsel incurred $477.81 in costs, consisting of a filing fee, $75 to effect service of process and $0.81 in postage. (Id. ¶ 87 & Ex. P.) The Court concludes that the attorneys' fees and expenses are reasonable.

CONCLUSION.

The Fund's motion for default judgment is GRANTED. (ECF 16.) The Clerk is directed to terminate the motion and to close the case.

Final Judgment for the Fund will be separately entered by the Court.

- 5 -

SO ORDERED.

                                                                                     P. Kevin Castel  
                                                                           United States District Judge

Dated: New York, New York  
          March 2, 2023